# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 466 | **DATE** | 2/10/2012 |
| **CASE TITLE** | United States of America vs. George | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendant's motion to vacate, set aside, or correct her conviction and sentence under 18 U.S.C. § 2255 [1] is respectfully denied, and the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I. Background**

By way of background, Defendant was indicted on three counts of distributing crack cocaine in December 2008. On July 21, 2010, Defendant entered a guilty plea to Count One of the indictment pursuant to a written plea agreement. On January 4, 2011, the Court sentenced Defendant to 70 months' imprisonment, which was the low end of the advisory guideline range. Defendant has filed the instant motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, contending that the Court erred in its computation of the advisory Guidelines that applied to her case. In particular, Defendant contends that the Court should not have assessed three criminal history points for Defendant's 1991 murder conviction. According to Defendant, her incarceration for that conviction did not extend into the fifteen year period prior to the instant offense, which commenced in 2006, and was not an adult conviction. As explained below, Defendant's motion is both legally and factually flawed and therefore must be denied for two reasons.

**II. Analysis**

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (stating that a Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

**STATEMENT**

Applying those general principles to the issue at hand, the Seventh Circuit has clearly stated that "errors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack," such as a Section 2255 motion. See *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 2006); see also *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Tolen v. United States*, 2011 WL 37845, at *6 (N.D. Ill. Jan. 5, 2011). For that reason alone, Defendant's motion must be denied. Purported errors in the calculation of the Guidelines are the ordinary grist of the mill for direct appeals, and that would have been the appropriate vehicle for any argument of that nature.

In any event, even if Defendant's argument were properly before the Court on a Section 2255 petition, it would fail on the merits. On or about November 27, 1991, Defendant was convicted of murder in the Circuit Court of Cook County, Illinois and sentenced to 20 years' imprisonment. This conviction was discharged on or about September 13, 2003. Defendant's offense of conviction occurred on or about September 20, 2006. Thus, there is no question that defendant's period of incarceration for her murder conviction extended into the fifteen years prior to the commencement of the offense of conviction in this case. See U.S.S.G. § 4A1.1(a), cmt. 1. In addition, as reflected in the PSR, the 1991 murder conviction was an adult conviction for which Defendant received a sentence of imprisonment exceeding one year and one month. See U.S.S.G. § 4A1.2(d)(1). Accordingly, the computation of the advisory Guideline range in this case was correct, and Defendant's motion would fail on the merits if it were cognizable under Section 2255.

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court thus now turns its attention to whether to grant a certificate of appealability pursuant 28 U.S.C. § 2253(c)(2).

Section 2253(c)(2) does not confer an absolute right to appeal a district court's denial of a Section 2255 motion; instead, a petitioner first must request a certificate of appealability ("COA"). See *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); see also 28 U.S.C. § 2253(b). Defendant is entitled to a COA only if she can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, the Court must conclude that reasonable jurists would find the Court's assessment of his Section 2255 claims debatable or wrong. See *Miller-El*, 537 U.S. at 337; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court finds no reason why reasonable jurists would debate or disagree with the Court's ruling on Defendant's Sentencing Guideline claim. In fact, that claim is entirely devoid of legal merit. Therefore, the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### III. Conclusion

For the foregoing reasons, Defendant's motion to vacate, set aside, or correct her conviction and sentence under 18 U.S.C. § 2255 [1] is respectfully denied, and the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).